IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA, by TIMOTHY M. KAINE, GOVERNOR OF THE COMMONWEALTH OF VIRGINIA, ROBERT F. MCDONNELL, ATTORNEY GENERAL OF THE COMMONWEALTH OF VIRGINIA, and DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT,<br><br>                                    Plaintiffs,<br><br>      v.<br><br>SUPPORTKIDS, INC., d/b/a Child Support Enforcement,<br><br>                                    Defendant. | Action No. 3:08–CV–153 |

MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Remand by the plaintiffs. For the reasons stated below, the Court will GRANT the Motion and REMAND this action to the Circuit Court for the City of Richmond, Virginia.

1.

Supportkids, Inc., a Texas corporation that operates under the name "Child Support Enforcement" ("CSE"), is a private child-support collection agency. CSE collects past-due payments on behalf of custodial parents, for a fee of $475 and 34% of any money that the parent or his/her employer receives from the non-custodial parent. The plaintiffs allege that CSE interferes with the operation of Virginia's system for collecting and distributing child

1

support, thereby jeopardizing the state's eligibility for money from the federal government under Title IV, Part D of the Social Security Act of 1975, 42 U.S.C. § 654 ("Title IV-D"). The plaintiffs claim that, for example, CSE unlawfully collects its fees from payments to children that may not be assigned to third parties under Virginia law, and deceives employers into sending child support payments withheld from their employees' paychecks directly to CSE. The plaintiffs seek damages for (1) conversion; (2) fraud; (3) unjust enrichment; (4) the unauthorized practice of law; and (5) the violation of several Texas consumer-protection statutes, as well as (6) injunctive relief.

CSE removed the suit to this Court from the Circuit Court for the City of Richmond, Virginia. CSE argues that the plaintiffs' request for injunctive relief confers federal-question jurisdiction on the Court, since the plaintiffs contend that they cannot easily comply with their obligations under Title IV-D – a federal statute – without an injunction. In response, the plaintiffs contend that (1) their claims are based solely on state law; and (2) the fact that the Virginia receives money from the federal government to enforce its child-support laws under Title IV-D is a <u>reason</u> why the state will suffer irreparable harm without an injunction, not the <u>basis</u> for any of the plaintiffs' claims. The plaintiffs also argue that (3) Virginia's overwhelming interest in matters of family law, in conjunction with principles of federalism and comity, suggest that the Court should remand this suit to state court.

2.

A party that removes a suit to federal court bears the burden of demonstrating that the federal court has jurisdiction. <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 816 (4th Cir.

2004). If it is "doubtful" whether the federal court has jurisdiction, the case must be remanded to state court. Id.

3.

In general, a defendant may remove a suit from a state court to a federal district court if the district court could have exercised original jurisdiction over the suit. 28 U.S.C. § 1441(a), (b). A district court has original jurisdiction over any civil action that "aris[es] under the Constitution, laws, or treaties of the United States." U.S. Const. art. III; 28 U.S.C. § 1331.

A suit "arises under" federal law if (1) the cause of action was created by federal law, or (2) even though the cause of action was created by state law, it depends on a "substantial question[] of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005); see, e.g., Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (ruling that a district court has jurisdiction over a claim that "necessarily turn[s] on some construction of federal law"); Pinney v. Nokia, Inc., 402 F.3d 430, 448–49 (4th Cir. 2005) (emphasizing that federal-question jurisdiction exists "only when a disputed issue of federal law is an essential element of at least one of the plaintiff['s] state[-law] claims"). But, the fact that the "source or ... operative limit[]" of a claim is a federal statute is not sufficient to confer federal-question jurisdiction on a court. Thompson, 478 U.S. at 813 n.11.

In Grable & Sons, a suit to quiet title to property acquired at a tax sale – a claim that was governed by state law – the Supreme Court held that the outcome of the claim

depended on whether the prior owner of the property was given adequate notice of the tax sale by the Internal Revenue Service. 545 U.S. at 314–15. Resolving that question required the court to interpret a provision of the Internal Revenue Code. Id. at 310. Accordingly, the Supreme Court concluded, the claim conferred federal-question jurisdiction. Id. at 319. Similarly, in Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921), the Supreme Court ruled that a claim that a corporation could not lawfully purchase bonds issued by the federal government, a claim whose basis was Missouri law, conferred federal-question jurisdiction because the principal issue in the case was whether the bonds were issued unconstitutionally. In each of those cases, federal-question jurisdiction existed because resolving a state-law claim required interpreting or applying federal law.

But, a federal court does not have federal-question jurisdiction over a claim governed by state law simply because the claim is based on, or refers to, federal law. For example, in Thompson, the Supreme Court ruled that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" 478 U.S. at 817; see also Grable & Sons, 545 U.S. at 316 (stating that the Thompson Court reached that conclusion even though it "assumed that federal law would have to be applied to resolve the claim"). And, in Pinney the Fourth Circuit ruled that an allegation that a party fraudulently stated that its product complied with safety standards established by the Federal Communications Commission did not depend on a question of federal law, even

though it implicated a federal regulatory regime. 402 F.3d at 447 (noting that the parties did not dispute the content of the federal regulations).

Nor does a claim arise under federal law simply because it implicates federal funds. For example, in Empire Healthcare Assurance, Inc. v. McVeigh, 547 U.S. 677, 682–85 (2006), the Supreme Court ruled that an insurance company's claim for reimbursement from a beneficiary who recovered the costs of his medical care from the party who allegedly caused his injuries did not arise under federal law, even though the insurance company sought to vindicate a right created by its contract with the Office of Personnel Management pursuant to a federal statute, the Federal Employees Health Benefits Act. The Court ruled that the insurance company's right was "not a creature of federal law," even though the money in dispute would have been credited to a federal fund, on the grounds that (1) the FEHBA did not give federal courts jurisdiction over claims for reimbursement, and (2) the suit turned on questions of fact, not the interpretation of federal law. Id. at 696, **701.**

Whether an action "arises under" federal law – because either a cause of action is created by, or depends on a substantial question of, federal law – is determined by the "well-pleaded complaint" rule: jurisdiction under § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).[1] Thus, a district court may not exercise jurisdiction over a suit on the basis of (1) a theory that the plaintiff has not asserted or (2) a

---

[1] An exception to this rule (that does not apply in this matter) is that a claim alleging only a violation of state law may be removed to a federal court if the claim is completely pre-empted by federal law. See Discover Bank v. Vaden, 489 F.3d 594, 599 (4th Cir. 2007) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).

defense, even if the plaintiff anticipates the defense or if "the defense is the only question truly at issue in the case." Id. But, a plaintiff may not "artfully plead" its claims to avoid removal: if a federal question is necessary to the plaintiff's complaint, a district court may exercise jurisdiction over the case. Id.

Here, none of the causes of action that the plaintiffs have pled were created by federal law. Conversion, fraud, unjust enrichment, and the unauthorized practice of law are governed by state law, as are claims that Texas consumer-protection statutes were violated. And, a request to enjoin an alleged violation of state law is also governed by state law. See Safeway, Inc. v. CESC Plaza Ltd. P'ship, 261 F. Supp. 2d 439, 467–68 & n.35 (E.D. Va. 2003).

Nor do any of the plaintiffs' claims depend on a "substantial question[] of federal law." See Grable & Sons, 545 U.S. at 312. Although this suit may have been motivated by federal law – since Title IV-D provides incentives for states that comply with its dictates, requirements that CSE's activity allegedly makes it hard for Virginia to follow – resolving the plaintiffs' claims will not require interpreting or applying those federal statutes. Similarly, the fact that some of Virginia's laws governing child-support payments were shaped by federal requirements does not mean that the plaintiffs' claims cannot be resolved solely on the basis of state law. As the outcome of this suit does not depend on the resolution of a debate about the content of Title IV-D (or any other federal law), the plaintiffs' claims do not confer federal-question jurisdiction on the Court. See Pinney, 402 F.3d at 447.

Moreover, even if the plaintiffs' claims implicated Title IV-D in a way that required the Court to interpret federal law, the Court would not have federal-question jurisdiction because Congress did not create "a federal right to force a state agency to substantially comply with Title IV-D," Blessing v. Freestone, 520 U.S. 329, 332 (1997). See Thompson, 478 U.S. at 817 (ruling that, even if federal law is an element of a state-law claim, the claim does not confer federal-question jurisdiction unless Congress has created a private, federal cause of action for a violation of the statute).

4.

As this suit does not "necessarily turn on some construction of federal law," Thompson, 478 U.S. at 808, either because the causes of action in the Plaintiffs' Complaint were created by federal law or implicate a substantial question of federal law, the Court lacks original jurisdiction over this suit, and consequently it was improperly removed from the Circuit Court for the City of Richmond. Accordingly, the plaintiffs' Motion to Remand will be GRANTED and this case will be REMANDED.

It shall be SO ORDERED.

> /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this \_\_23rd\_\_ day of April 2008

7